IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al. | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No.   11 CV 2476 |
| | ) | Judge St. Eve |
| v. | ) ) | |
| FRANCIS, LLC., | ) ) | |
| Defendant. | ) | |

Plaintiffs' LR 56.1(a)(3) Statement of Uncontested Facts

Plaintiffs, by its attorney, Raymond J. Sanguinetti submit that there is no genuine dispute as to the following state of facts:

A.  Jurisdiction and Venue

1.  This action arises under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, as amended, to collect delinquent employee benefit fund contributions. Jurisdiction is founded on the existence of questions arising there under. (**PX 1**, Answer, ¶1.)

2.  Venue is proper under 29 U.S.C. §1132(e)(2) because the Funds are administered in this judicial district with its administrative offices located at 12 E. Erie Street, Chicago, Illinois. (**PX1,** Answer ¶2, **PX 10,** Declaration of John Libby, ¶ 1)

B.  Parties

3.  Plaintiffs (collectively "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Chicago Regional Council of Carpenters ("Union") and therefore, are multiemployer plans within the meaning of ERISA, 29 U.S.C. §1002(3). (**PX 1**, Answer ¶2, **PX 10**,

Declaration of John Libby, ¶ 4)

4. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds. (**PX 1**, Answer ¶3, **PX 10,** Declaration of John Libby, ¶¶ 7,8)

    C.    <u>Collective Bargaining Agreements / Trust Agreements</u>

5. Defendant has been a signatory employer to collective bargaining agreements with the Union for the period April 10, 2010 through the present time. (**PX1**, Answer ¶3, **PX 10** Declaration of John Libby, ¶¶ 7,8).

6. Pursuant to the provisions of the Collective Bargaining Agreements and Trust Agreements, the Funds operate on the basis of an employer self-reporting system that requires the employer to identify those employees for whom contributions and dues are owed and requires the employer to identify the hours worked by and the gross wages paid to the covered employees on a monthly reporting form ("monthly report" or "reporting form"). The monthly report is designed to allow the employer to report the contributions and dues. (**PX 1**, Answer ¶ 5, **PX 10** Declaration of John Libby, ¶¶ 4,8,9,13,14)

    D.    <u>Delinquent Contributions / Liquidated Damages / Interest</u>

7. The Defendant submitted the November 2010 reporting form without payment leaving a balance owed of $3,928.32 in admitted liability, without the liquidated damages and interest, and submitted the September 2010, October 2010, and October 2011 reports late but with payment. (**PX 10**, Declaration of John Libby, ¶20)

8. By signing the reports, the employer certifies the following (as reflected at the bottom left hard corner of the report): "We certify the above is a true and complete report of actual hours worked by foreman, journeyman, and apprentice carpenters, and does NOT include hours worked by any self-employed persons, partners or proprietors of the firm. We hereby agree to be bound by and ratify, confirm and adopt all of the provisions of the Area Collective Bargaining Agreement and the Agreements and Declarations of Trust under which the Chicago Regional Council of Carpenters Fringe Benefit Funds are maintained. We agree to keep and maintain contemporaneous time records reporting the hours reported herein." (**PX 10**, Declaration of John Libby, ¶10, **PX 8, PX 9**)

9. Because Defendant failed to pay contributions in a timely manner, the Trust Agreement, Collective Bargaining Agreement and fund policy mandate the assessment of liquidated damages. The liquidated damages calculation was based on the rate set forth in the controlling Trust Agreements and fund policy, which is 1 ½ % compounded per month. (**PX 10**, Declaration of John Libby, ¶¶11,14,15,16,17,18,19,21)

10. Defendant failed to remit timely payment of the contribution reports as required by the CBAs and trust agreements for 16 months during the period September 2010 through January 2012. As a result, Defendant owes liquidated damages totaling $1,655.86. (**PX 10**, Declaration of John Libby, ¶22)

11. Because Defendant failed to pay contributions in a timely manner, interest is owed on the delinquency. The interest calculation is based on the section in ERISA awarding such interest, 29 U.S.C. §1132(g)(2) and because the relevant Trust Agreements do not specify the rate of interest, the calculations were done pursuant to

3

Section 6621 of the Internal Revenue Code. The amount of interest owed is $158.11 through the month of January 2012. (**PX 10**, Declaration of John Libby, ¶¶23,15,17,18,19,21)

12. Because Defendant failed to pay contributions in a timely manner, the Defendant is also liable to pay Plaintiffs' reasonable attorney fees and other reasonable costs incurred in the collection process as set forth in the CBAs and Trust Agreements. (**PX 10**, Declaration of John Libby, ¶¶4,14)

13. The Trust Funds' total claim for contributions, liquidated damages, and interest is $5,958.74. (**PX 10**, Declaration of John Libby, ¶24)

>Respectfully submitted,
>
>/s/ Raymond J. Sanguinetti
>Attorney for Plaintiffs

Whitfield, McGann & Ketterman
111 E. Wacker Drive, Suite 2600
Chicago, IL 60601
312.251.9700

4