**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11 C 2476 |
| v. | ) ) | Magistrate Judge Arlander Keys |
| FRANCIS, LLC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs in this case are the Trustees of the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, and the Chicago Regional Council of Carpenters Apprentice and Trainee Program (collectively, "the Funds"). These Funds receive contributions from employers pursuant to certain Collective Bargaining Agreements entered into between employers and the Chicago Regional Council of Carpenters, a union that is the successor to the Chicago & Northeast Illinois District Council of Carpenters. In this lawsuit, the Funds have sued, under the Employee Retirement Income Security Act of 1974 ("ERISA"), to recover unpaid and delinquent contributions from Francis, LLC, one such employer.

The parties consented to proceed before a United States Magistrate Judge, and the case was reassigned to this Court on

April 16, 2012. Thereafter, the Funds filed a motion for summary judgment. Despite being given at least two extensions of time in which to do so, Francis has not responded to the motion. For this reason, and because the undisputed facts establish that the Funds are entitled to judgment as a matter of law, the Court grants the Funds' motion.

Facts & Procedural History

The Pension, Health and Welfare and Apprenticeship Funds are all multiemployer plans within the meaning of ERISA, 29 U.S.C. §1002(3). Plaintiffs' Rule 56.1 Statement, ¶3. The Funds receive contributions from numerous employers pursuant to collective bargaining agreements executed between the Chicago Regional Council of Carpenters (the Union) and employers. *Id*. Francis is one such employer; on April 28, 2010, it executed a "Memorandum of Agreement" agreeing "to be bound by the various Trust Agreements to which contributions are required to be made under the [Collective Bargaining Agreements], including all rules and regulations adopted by the Trustees of each Fund." *See* Memorandum of Agreement, ¶4 (attached as Exhibit 2 to Plaintiffs' Rule 56.1 Statement); *see also*, Plaintiff's Rule 56.1 Statement, ¶4. Pursuant to the provisions of the CBA and the Trust Agreements, employers use monthly reports to identify covered employees, the hours worked, wages paid, and contributions and dues to be paid for each employee each month. Plaintiffs' Rule

56.1 Statement, ¶6. According to the Funds, Francis submitted monthly reports for the month of November 2010 and for the period beginning November 2011 and going through January 2012, but did not pay the required contributions or dues, leaving a balance owed totaling $25,001.60. *Id.*, ¶7. The Funds also claim that Francis submitted reports and payments for the months of September and October 2010 and October 2011, but paid late, thereby incurring additional charges. *Id.* In total, the Funds allege that Francis owes contributions, dues, interest and liquidated damages in the amount of $31,050.67, plus reasonable attorneys' fees and costs incurred in pursuing the delinquent payments. They argue that, when viewed in the appropriate light, the record evidence establishes, as a matter of law, that Francis is liable to the Funds for this amount. And they, therefore, seek summary judgment on their complaint.

## Discussion

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©. At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court views all

evidence and draws all inferences in favor of the non-moving party, and may enter summary judgment only if the record as a whole establishes that no reasonable jury could find for the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Francis has failed to respond to the motion for summary judgment, despite being given more than ample opportunity to do so and despite being warned by the Court of the consequences of its failure. Francis also failed to file any kind of response to the Funds' Rule 56.1 Statement of Facts, which means the Court treats those facts as if they were admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)(citing *Wienco, Inc. v. Katahn Associates, Inc.*, 965 F.2d 565, 568 (7th Cir. 1992)). That does not mean that the Funds automatically win on their motion. Rather, the Funds must still demonstrate that the undisputed facts entitle them to judgment as a matter of law. *Id.* (citing *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 997 (7th Cir. 1996); *Wienco*, 965 F.2d at 568).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement." 29 U.S.C. §1145. ERISA further provides that

4

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
>   (I)  interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. §1132(g)(2).

The Funds argue that they are entitled to summary judgment because the undisputed facts establish that Francis was contractually obligated to make contribution payments each month for covered employees, and to pay dues each month for covered employees, that Francis employed covered employees, recognized its obligation to make the required payments, yet failed to make all of the required payments.

To support their motion, the Funds submitted the Collective Bargaining Agreement between the Union (the Chicago Regional Council of Carpenters) and Mid-America Regional Bargaining Association (and any other employers who sign on to the agreement) in force and effect from June 1, 2010 through May 31, 2014. *See* Plaintiff's Rule 56.1 Statement, Exhibit 3. The CBA requires signatory employers to contribute, on behalf of covered

5

employees doing covered work, set amounts per hour worked to the Union's Health and Welfare Fund (Article XII, ¶12.1), the Pension Fund and Supplemental Retirement Fund (Article XIII, ¶13.1); and the Apprenticeship Fund (Article XIV, ¶14.1).  In addition to these contributions, the CBA also requires signatory employers to withhold and submit to the Union dues for each covered employee on a monthly basis.  CBA, Article XXVII, ¶¶27.1, 27.2.

The CBA further provides that, if an employer becomes delinquent in making these contributions, the employer shall pay, in addition to the amount due, "reasonable fees of Certified Public Accountants as expressly used to establish the amount due, reasonable fees of Attorney in effectuating payment, and liquidated damages in amount as determined in accordance with the Agreement and Declaration of Trust."  CBA, Article XII, ¶12.10 (Health and Welfare Fund); Article XIII, ¶13.8 (Pension and Supplemental Retirement Funds); Article XIV, ¶14.8 (Apprenticeship Fund).

Along with the CBA, the Funds submitted copies of the relevant Trust Agreements: Plaintiffs' Exhibit 4 is the Chicago District Council of Carpenters Welfare Fund Trust Agreement; Exhibit 5 is the Chicago District Council of Carpenters Pension Fund Trust Agreement; Exhibit 6 is the Supplemental Retirement Fund Trust Agreement; and Exhibit 7 is the Chicago District Council of Carpenters Apprentice and Trainee Program Trust

Agreement. The Trust Agreements authorize the Trustees to collect employer contributions to their respective funds. *E.g.*, Exhibit 4, Article IV, ¶2 (Welfare Fund); Exhibit 5, Article IV, Section 3 (Pension Fund); Exhibit 6, Article VIII, ¶8.2 (Supplemental Retirement Fund); Exhibit 7, Article VI, Section 2 (Apprenticeship Fund).

With respect to unpaid and delinquent contributions, the Trustees are also empowered to collect, in addition to the contributions, "liquidated damages in the amount of one and one-half per cent (1½%) per month on the whole amount of the accounts receivable balance remaining from time to time unpaid. In the event the account is placed for collection, the employer shall be liable for reasonable attorney's fees, court fees, audit fees, and other reasonable costs incurred in the collection process." Welfare Fund Trust Agreement, Article III, ¶6, Article IV, ¶3; Pension Fund Trust Agreement, Article IV, Section 4, Article VI, Section 2(C).

Similarly, the Apprenticeship Fund Trust Agreement provides that a delinquent employer shall be liable for (in addition to the unpaid contributions) "liquidated damages of $25.00 for each delinquency or liquidated damages in the amount of 1½% per month on the whole amount of contributions remaining from time to time unpaid whichever is greater." Apprenticeship Fund Trust Agreement, Article VI, Section 4. And the Supplemental

7

Retirement Fund Trust Agreement authorizes the Trustees to collect, in addition to the delinquent contributions, interest, as well as all costs and reasonable attorney's fees incurred in connection with any collection action, and "any liquidated damages required under policies adopted by the Trustees." Supplemental Retirement Fund Trust Agreement, Article VIII, ¶8.3.

In addition to these agreements, the Funds submitted a copy of a Memorandum of Agreement, signed by Francis on April 28, 2010, in which Francis agrees to be bound by the terms of the CBA and the Trust Agreements. *See* Plaintiffs' Rule 56.1 Statement, Exhibit 2. By signing that Agreement (Christopher Z. Muhammad, Manager, signed on behalf of Francis), Francis expressly agreed "to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the [CBA], including all rules and regulations adopted by the Trustees of each Fund." *Id.*, ¶4.

This evidences demonstrates Francis' contractual obligation to remit to the various Funds contribution and dues payments on behalf of covered employees for covered work. More to the point, this evidence demonstrates that Francis was required to make such payments in the manner specified in those agreements, and it establishes the damages to be awarded for failing to make those payments in the manner specified.

In addition to the contracts, the Funds also submitted a

declaration from John Libby, the Manager of Audits & Collections for the Funds, in which he represents that, after reviewing the relevant documents, including the agreements and the Funds' files on Francis, he has determined that Francis owes: contributions in the amount of $25,001.60; liquidated damages (calculated at the rate of 1.5% per month) in the amount of $4,191.90; interest in the amount of $569.78; and dues in the amount of $1,287.39. *See* Declaration of John Libby, ¶¶20-24 (attached as Exhibit 10 to Plaintiff's Rule 56.1 Statement). Thus, Mr. Libby represents, the Funds' total claim against Francis is $31,050.67. *Id.*, ¶25.

In his declaration, Mr. Libby reiterates the obligations imposed by the CBA and the Trust Agreements; he represents that the CBA requires signatory employers like Francis to pay contributions to the Funds for all hours worked by covered employees, and that the CBA also requires employers to withhold from the wages of each covered employee dues; according to Mr. Libby, employers are required to remit both contributions and dues on a monthly basis. *Id.*, ¶4-5, 8-9.

Mr. Libby further represents that he reviewed the Union's files and the Funds' files pertaining to Francis and determined that Francis has been bound to the CBA since April 28, 2010; that Francis failed to remit timely payment of contributions owed for the period September 2010 through January 2012; that Francis failed to submit a July 2012 report; and that Francis submitted

9

reports for November 2010 and November 2011 through January 2012, but failed to pay all contributions due and owing consistent with those reports. *Id.*, ¶¶7, 20-22. In total, Mr. Libby represents, after giving Francis credit for payments made during this time period, Francis owes $25,001.60 in contributions. *Id.*, ¶20.

The Funds also submitted work history reports, prepared on behalf of Francis, showing the amount of the contributions that were due and owing from Francis and these reports are consistent with Mr. Libby's declaration. *See* Plaintiffs' Rule 56.1 Statement, Exhibit 8. And, indeed, although they never responded to the motion for summary judgment, in proceedings in court Francis' representatives have never denied that they owe the Funds money.

According to Mr. Libby, in addition to these missing payments, the CBA and the Trust Agreements authorize the Trustees to assess and collect interest at the rate of 1.5% per month, as well as liquidated damages, and attorneys' fees and costs incurred in the collection of delinquent contributions. Libby Dec., ¶14. He represents that, consistent with the CBA and the Trust Agreements, the Funds use a monthly compound interest calculation to determine the amounts of interest and liquidated damages owed; the calculation is performed separately for each delinquent contribution month, with the principal for each separate compound interest calculation being the delinquent

10

contributions amount and with the interest rate being based on IRS Section 6621. *Id.*, ¶15. Mr. Libby explains that, for the first month in which the contributions are delinquent, interest is calculated based on the portion of the month that occurs after the 15th; the calculation to determine the interest amount for the first month in which the delinquency occurs is based on the principal amount multiplied by the applicable monthly interest rate, which is the rate stated by the IRS for that particular month divided by 12, multiplied by the fraction of the month that occurs after the 15th (the date the payments are due). *Id.*, ¶17. The interest is then added to the principal to determine a new principal in the next month, and so on. *Id.*, ¶18. Mr. Libby represents that, using this methodology, Francis owes the Funds interest in the amount of $569.78. *Id.*, ¶23.

    Mr. Libby represents that, under the CBA and the Trust Agreements, Francis is also liable for liquidated damages, which are calculated at the rate of 1.5% compounded monthly; the calculations from month to month are done in the same way described above, with the liquidated damages from one month being added to the principal in the next month and so on. *Id.*, ¶¶16, 17. Mr. Libby represents that, using this methodology, Francis owes the Funds liquidated damages in the amount of $4,191.90. *Id.*, ¶22.

    According to Mr. Libby, Francis also withheld, but failed to

remit, $1,287.39 in dues during the months of November 2010, November 2011, December 2011 and January 2012. Libby Dec., ¶24. Again, the work history reports are consistent with Mr. Libby's declaration. *See* Plaintiffs' Rule 56.1 Statement, Exhibit 8.

As explained above, Francis has offered nothing to rebut or contradict any of these facts. And, without question, these facts demonstrate that the Funds are entitled to judgment as a matter of law on their ERISA claim. There is no question that Francis agreed to be bound by the CBA and the Trust Agreements, which require signatory employers to make contributions and remit dues on behalf of covered employees; there is no question that Francis failed to remit the required contributions and dues; and there is no question that Francis owes what the plaintiffs say it owes in terms of contributions and dues. As a signatory to the CBA, Francis agreed to remit contributions and dues, and to do so in the manner specified; its failure to make such payments in accordance with the CBA and the Trust Agreements gives rise to the litany of penalties provided therein. Thus, in addition to being liable for the unpaid contributions and dues, Francis is on the hook for interest on the unpaid contributions in the amount of $569.78 and liquidated damages in the amount of $4,191.90. Francis must also pay the Funds' reasonable attorneys' fees and collection costs.

**Conclusion**

For the reasons set forth above, the Court grants the plaintiffs' motion for summary judgment [Docket #43]. Judgment is entered in favor of the Funds and against Francis in the amount of $31,050.67.

Date: March 27, 2013

                      E N T E R E D:

                      _____
                      MAGISTRATE JUDGE ARLANDER KEYS
                      UNITED STATES DISTRICT COURT